IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ex rel. LISA MADIGAN, Attorney General of the State of Illinois, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  08-3050 |
| HEMI GROUP, LLC, | ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Motion to Dismiss) (d/e 2).  Plaintiff filed a Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (d/e 3), and Defendant subsequently filed a Motion to Submit Supplemental Authority and Memorandum in Support of Motion (d/e 5). For the reasons stated below, the Motion to Submit Supplemental Authority and Memorandum in Support of Motion is allowed, and the Motion to Dismiss is denied.

1

## FACTS

Defendant Hemi Group, LLC is a Native-American-owned cigarette sales business operating from the Jemez Pueblo, a reservation in New Mexico. The State of Illinois alleges that by selling cigarettes to Illinois residents over the Internet, the Hemi Group has evaded Illinois tax regulations and restrictions on sales to minors. On January 7, 2008, the State of Illinois sued the Hemi Group in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. It alleged violations of the federal Jenkins Act, the Illinois Prevention of Cigarette Sales to Minors Act, and the Illinois Tobacco Products Manufacturers' Escrow Enforcement Act of 2003. See 15 U.S.C. §§ 375-378; 720 ILCS 678/1 *et seq.*; 30 ILCS 167/1 *et seq*. The Hemi Group removed this case to federal court and subsequently moved to dismiss for lack of personal jurisdiction.

For purposes of this Motion, the Court accepts as true the following facts from the allegations in the Complaint and the averments in an Affidavit submitted by the Hemi Group. See Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (noting that when deciding a personal jurisdiction motion without a hearing, courts must accept all well-pleaded allegations in the complaint as true unless

2

controverted by the opposing party's affidavits and decide any conflicts in the affidavits in favor of the party asserting jurisdiction). According to the Complaint, the Hemi Group operates at least ten web sites from which residents of all states but New York can purchase cigarettes. On six separate occasions in 2005 and 2007, an Illinois Department of Revenue special agent ordered cigarettes on these ten web sites; the Hemi Group packaged the cigarettes, and they were shipped to him in Illinois. The State of Illinois alleges that the Hemi Group also has sold cigarettes to Illinois consumers via the mail, telephone, and fax.

In an Affidavit submitted to the Court, the Hemi Group Chief Financial Officer, Douglas Ralph, averred that the sole owner of the Hemi Group, Kai Gachupin, is a member of the federally-recognized tribe, the Pueblo of Jemez, and lives on the Pueblo reservation in New Mexico. He also stated that the Hemi Group is not registered to do business in Illinois, has no offices or real estate in Illinois, employs no agents in Illinois, has never sent personnel into Illinois or targeted Illinois on its web sites, does not manufacture products in Illinois, and has no bank accounts in Illinois. According to Ralph, the Hemi Group sells cigarettes only from the Jemez Pueblo, and when residents of other states order from its web sites, they

pick up the cigarettes at the Pueblo or arrange for shipment via the United States Postal Service.

## ANALYSIS

According to the Hemi Group, no personal jurisdiction exists here, and the Court must dismiss this case. The Court finds, however, that though general jurisdiction does not exist, the Hemi Group's Internet activities provide for specific jurisdiction. Because this case arises from the activities providing for specific jurisdiction, dismissal is not warranted.

The Hemi Group removed this case on the basis of federal question jurisdiction. See Notice of Removal, at 2 (asserting that removal was proper "without regard to the citizenship or residence of the parties."). Count I of the Complaint alleges violations of the Jenkins Act, a federal statute requiring particular disclosures from entities that sell or transfer cigarettes for profit through interstate commerce. See 15 U.S.C. § 376(a). Thus, the Court has original jurisdiction under 28 U.S.C. § 1331. Counts II and III raise state law statutory violation claims, but the Hemi Group asks this Court to assert pendent jurisdiction over the non-federal claims. Because exercising supplemental jurisdiction here would further judicial economy, convenience, fairness, and comity, the Court will do so. See United Mine

Workers v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, the Court has subject matter jurisdiction over this matter.

Whether the Court has personal jurisdiction over the Hemi Group is a more complicated issue. Under Federal Rule of Civil Procedure 12(b)(2), if this Court lacks personal jurisdiction over the Hemi Group, it must dismiss the Complaint. "Personal jurisdiction determines, in part, where a plaintiff may hale a defendant into court." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 548 (7th Cir. 2004). In a federal question case, unless a federal statute authorizes nationwide service of process, the district court assesses personal jurisdiction by determining whether state courts in the state in which it sits could exercise personal jurisdiction over the defendant. Janmark, Inc. v. Reidy, 132 F.3d 1200, 1201 (7th Cir. 1997). The Jenkins Act does not authorize nationwide service, so the Court must determine whether Illinois courts would recognize personal jurisdiction over the Hemi Group.

Because the Illinois long-arm statute authorizes jurisdiction on any basis permitted by the Illinois or federal constitutions, and because "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," measuring

personal jurisdiction in Illinois requires only a single inquiry. <u>Hyatt Int'l Corp. v. Coco</u>, 302 F.3d 707, 715 (7th Cir. 2002); see also <u>RAR, Inc. v. Turner Diesel, Ltd.</u>, 107 F.3d 1272, 1276 (7th Cir. 1997). Courts must determine whether a non-resident defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington, Office of Unemployment Compensation and Placement</u>, 326 U.S. 310, 316 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).

Additionally, personal jurisdiction may be general or specific. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414-16 (1984). General jurisdiction exists where the defendant has engaged in "continuous and systematic" contact with the state. <u>Id.</u> at 416. Where a court has general jurisdiction over the defendant, it may exercise personal jurisdiction even in cases unrelated to the defendant's contacts with the state. <u>Hyatt Int'l Corp.</u>, 302 F.3d at 713. The specific jurisdiction standard requires less of a defendant. See <u>Estate of Isringhausen ex rel. Isringhausen</u>

v. Prime Contractors & Assocs., Inc., 883 N.E.2d 594, 599 (Ill.App.Ct. 4th Dist. 2008) (referring to "the higher *general* jurisdiction standard").[1] To be subject to specific jurisdiction in Illinois, a defendant's contacts need not be so substantial that it can be considered constructively present, or "doing business," here. Id. at 600. A single business transaction, or a solicitation of business, may be sufficient contact to create specific jurisdiction. Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 281 n.6 (7th Cir. 1990). The defendant must have taken some action to purposefully avail itself of the privilege of conducting business in Illinois, however, and the suit at issue must have arisen directly from that action. Estate of Isringhausen, 883 N.E.2d at 600; Jennings, 383 F.3d at 549.

The State of Illinois has not established that the Hemi Group's contacts with Illinois are continuous and systematic, so the Court will not recognize general jurisdiction. A defendant is subject to general jurisdiction only where its contacts with the forum state are so substantial that it can be considered "constructively present in the state." Purdue Research

---

[1] The Hemi Group submitted a Motion to Submit Supplemental Authority and Memorandum in Support of Motion (d/e 5) asking the Court to consider this case. Because the case is helpful, the Court allows the Motion.

Foundation, 338 F.3d at 787. The Hemi Group is not registered in Illinois, has no offices or employees in the state, does not manufacture products in the state, and has no bank accounts in Illinois. Moreover, the State of Illinois has not presented evidence of substantial sales in Illinois or extensive advertising in the state, either of which might suffice to establish general jurisdiction. See Hy Cite Corp. v. Badbusinessbureau.com, LLC, 297 F.Supp.2d 1154, 1162 (W.D. Wis. 2004); see also Gator.Com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1078 (9th Cir. 2003), rev'd on other grounds at 398 F.3d 1125 (9th Cir. 2005) (en banc). The Hemi Group's contacts with Illinois are not substantial enough to merit general jurisdiction.

They do suffice for specific jurisdiction, however. The State of Illinois contends that through its web sites, the Hemi Group purposely availed itself of the privilege of conducting business in Illinois and established minimum contacts with the state. "The type of Internet activity that is sufficient to establish personal jurisdiction remains an emerging area of jurisprudence." Bombliss v. Cornelsen, 824 N.E.2d 1175, 1180 (Ill.App.Ct. 3d Dist. 2005). Most courts in Illinois have employed a sliding scale analysis. See, e.g., id.; Larochelle v. Allamian, 836 N.E.2d 184, 185 (Ill.App.Ct. 2d Dist. 2005); Jackson v. California Newspapers Partnership, 406 F.Supp.2d 893, 897

(N.D. Ill. 2005); Euromarket Designs Inc. v. Crate & Barrel, Ltd., 96 F.Supp.2d 824, 837-38 (N.D. Ill. 2000). But see Howard v. Missouri Bone and Joint Ctr., Inc., 869 N.E.2d 207, 212-13 (Ill.App.Ct. 5th Dist. 2007) (holding the sliding scale irrelevant in a general jurisdiction analysis); Linehan v. Golden Nugget, 2008 WL 4181743, at *5-6 (N.D. Ill. Sept. 5, 2008) (relying on Howard to hold the sliding scale irrelevant in a specific jurisdiction analysis). While the Seventh Circuit has not addressed the applicability of the sliding scale analysis, other circuit courts have adopted it. See, e.g., Lakin v. Prudential Securities, Inc., 348 F.3d 704, 711 (8th Cir. 2003); Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 513 (D.C. Cir. 2002); ALS Scan, Inc. v. Digital Svs. Consultants, Inc., 293 F.3d 707, 713 (4th Cir. 2002); Soma Med. Int'l v. Std. Chartered Bank, 196 F.3d 1292, 1296-97 (10th Cir. 1999); Mink v. AAAA Devel. LLC, 190 F.3d 333, 336 (5th Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997).

Under this analysis, first set out in Zippo Mfg. Co. v. Zippo Dot Com, Inc., "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." Zippo, 952 F.Supp.

1119, 1124 (W.D. Pa. 1997). At the end of the spectrum clearly providing for jurisdiction are defendants who enter into contracts with the residents of the forum state that involve the knowing and repeated transmission of computer files over the Internet. Id. At the end of the spectrum where personal jurisdiction clearly does not exist are defendants who simply post information on a web site that is accessible to residents of the forum state. Id. Such "passive" web sites do no more than make information available to those interested in it. Id. "The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." Id.

While not a substitute for minimum contacts analysis, assessing a web site's level of interactivity and the commercial nature of the information exchanged may help the Court determine whether a defendant purposefully availed itself of the privilege of conducting activities within the forum state. Hy Cite Corp., 297 F.Supp.2d at 1161. The Hemi Group's web sites fall into the middle ground. They do not necessarily create an ongoing relationship with customers, but they do allow individuals from other states

to submit order requests, and if customers desire, the Hemi Group coordinates shipping of their purchased cigarettes.

Through its web sites, the Hemi Group purposely availed itself of the benefits of commercial sales to Illinois residents. On at least six separate occasions over two years, it sold cigarettes over the Internet to an Illinois resident. While it may have reached out to Illinois only through its web sites, other courts have concluded that operating such interactive commercial web sites constitutes purposeful availment. See, e.g., State of Washington, Dept. of Rev. v. www.dirtcheapcig.com, Inc., 260 F.Supp.2d 1048, 1052 (W.D. Wash. 2003) (cigarette sales web site provided grounds for specific jurisdiction); Stomp, Inc. v. NeatO, LLC, 61 F. Supp.2d 1074, 1078 (C.D. Cal. 1999) (web site through which customers could purchase labeling systems provided grounds for specific jurisdiction).[2] But see Butler v. Beer Across America, 83 F. Supp.2d 1261, 1269 (N.D. Ala. 2000) (holding that the Internet sale of beer on one occasion to one customer was insufficient to establish even specific jurisdiction).

---

[2]In these cases, as here, the plaintiff placed the orders at issue. The Hemi Group argues that "such unilateral action" by a plaintiff cannot create personal jurisdiction. Motion to Dismiss, at 10. Yet, it is the Hemi Group's action in maintaining a web site aimed at conducting business with residents of other states that creates personal jurisdiction here. The Hemi Group reached out to residents of Illinois through its web sites; the State of Illinois' actions were not unilateral.

Moreover, the Hemi Group's sales to Illinois were not accidental; it considered with which states' residents it would do business and opted not to exclude Illinois. The purposeful availment requirement creates predictability and ensures that a defendant is aware that it could be subject to suit in the forum state so that the defendant "can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State." World-Wide Volkswagen Corp. v. Woodsen, 444 U.S. 286, 297 (1980). The Hemi Group evidently concluded that the risks of availing itself of the privilege of conducting business in New York were too great, and it ceased dealing with New York customers. See Notice of Removal, Exhibit B to the Complaint (stating that "[d]ue to ongoing law suits filed by New York we can no longer ship to any New York address."). It remained open to conducting business in Illinois and thus should have been aware that it could be haled into court in this state.

Additionally, this suit directly arises from the Hemi Group's Illinois-related activities. The State of Illinois alleges that the Hemi Group's sales in Illinois violated three different statutes. The Internet sales create the minimum contacts, and the sales are the basis for the State of Illinois' suit.

12

But for the Hemi Group's sales to Illinois consumers, the State of Illinois would not have suffered the injuries it alleges. See State of Washington Dept. of Revenue, 260 F.Supp.2d at 1053 ("The Jenkins Act requires a person who sells cigarettes to a consumer in interstate commerce to report the sale to the consumer's state's tobacco taxing authority. . . .  But for Dirtcheap's alleged cigarette sales to Washington consumers, the State would not have suffered this injury."). Thus, the requirements for specific jurisdiction are met.

Finally, exercising personal jurisdiction over the Hemi Group here would not offend traditional notions of fair play and substantial justice. Whether exercising jurisdiction over a defendant is reasonable depends on: 1) "the burden on the defendant;" 2) "the forum State's interest in adjudicating the dispute;" 3) "the plaintiff's interest in obtaining convenient and effective relief;" 4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and 5) "the shared interest of the several States in furthering fundamental substantive social policies." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985). First, while traveling to Illinois to defend this suit is a burden on the Hemi Group, it is not undue considering the benefits the Hemi Group obtained from

conducting business here. See id. at 474 ("[B]ecause modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity, it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity."). Second, Illinois has a "manifest interest" in providing its residents a convenient forum for resolving disputes with out-of-state actors. Id. at 473. Third, the State of Illinois asserts that its public policy interests in the protection of minors and prevention of underage smoking afford it a substantial interest in obtaining convenient and effective relief. The Hemi Group asserts that the State of Illinois' true interest lies with an alleged contractual obligation to protect the market share of major tobacco companies operating in Illinois. Regardless of whether such contractual obligations exist, however, they do not cancel the State of Illinois' interest in obtaining convenient and effective relief. On the fourth and fifth factors, neither party has articulated any basis for concluding that these factors favor their positions, and the Court finds these factors neutral. Thus, consideration of the Burger King factors leads to the conclusion that exercising jurisdiction over the Hemi Group here is reasonable.

THEREFORE, Defendant's Motion to Submit Supplemental Authority and Memorandum in Support of Motion (d/e 5) is ALLOWED, and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (d/e 2) is DENIED.  This matter is referred to Magistrate Judge Byron G. Cudmore for scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:   October 9, 2008

        FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE