IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* LISA MADIGAN, Attorney General of Illinois, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No.: 3:08-cv-03050-JES-BGC ) ) |
| HEMI GROUP LLC, | ) ) |
| Defendant. | ) |

DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO
AMEND DECISION TO ADD CERTIFICATION FOR INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)
-AND-
TO STAY ORDER SETTING DEADLINE FOR FILING OF ANSWER
-OR-
FOR A STAY OF PROCEEDINGS

MOTION

The Hemi Group LLC ("Hemi Group") moves this Court to amend its October 9, 2008 decision to add certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

MEMORANDUM IN SUPPORT

In its October 9, 2008 decision, this Court denied the Hemi Group's motion to dismiss for lack of personal jurisdiction. In doing so, the Court confirmed that it lacked general personal jurisdiction, but held it had specific personal jurisdiction over the Hemi Group. The Court based its finding of specific jurisdiction solely on a determination by the Court that Internet sales alone,

1

even though taking place on the Pueblo of Jemez in New Mexico, are sufficient to confer specific jurisdiction in Illinois (and, by extension, in all fifty states). October decision at 12 ("the Internet sales create the minimum contacts"). The ruling creates new jurisdictional precedent based NOT on the location of the sales transaction, but instead purely on the location of the customers themselves. Under the Court's reasoning, any Internet company, regardless of its contacts with any given state, can be forced to defend in every state simply based upon its Internet sales operations even when the actual sales and all related transactions occur outside the state. This bare legal issue meets the requirements for certification under 28 U.S.C. §1292(b). This issue is a controlling question of law; there are substantial grounds for difference of opinion; and an immediate appeal may materially advance the ultimate termination of the litigation.

### I.      Standards for certification of an interlocutory appeal.

In order for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) to be appropriate, this Court need only be of the opinion that the question of whether operation of an interactive web site alone, when all sales made on the site occur outside of the state, is sufficient to confer specific personal jurisdiction over an out of state defendant:

1. Is a controlling question of law;
2. There are substantial grounds for difference of opinion; and
3. An immediate appeal may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b). All three of these factors are met here.

### II.     The issue on which certification for interlocutory appeal is sought is a controlling question of law.

The Hemi Group asks this Court to amend its October Order to include the certification necessary for it to seek an interlocutory appeal. The question it seeks to pursue in that appeal is

whether operation of an interactive web site alone, when all sales made on the site occur outside of the state, is sufficient to confer specific personal jurisdiction over an out of state defendant. This is a controlling question of law sufficient to meet the first requirement for certification under 28 U.S.C. § 1292(b).

In order to establish that a district court's decision involves a controlling question of law for purposes of certification for interlocutory appeal, the issue must be a "unique question of law." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.,* 224 F.3d 708, 709 (7th Cir. 2000). The question must be a "pure question of law;" an "abstract legal issue." *Securities and Exchange Comm. v. Buntrock*, 2003 U.S. Dist. LEXIS 1636 (N.D. Ill)("defendants have asked this Court to do something it has never agreed to do – certify an interlocutory appeal"); *interlocutory appeal accepted, aff'd by Buntrock v. Securities and Exchange Comm.,* 347 F.3d 995 (7th Cir. 2003). It cannot be a question of whether summary judgment should be granted, or a question of contract interpretation. *Ahrenholz v. Board of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000). The question the Hemi Group seeks to appeal involves just such a "unique" question of law. As noted by the *Ahrenholz* Court, "it is equally important, however, to emphasize the duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met, as in our recent case of *United Airlines, Inc. v. Mesa Airlines, Inc.*," 219 F.3d 605 (7th Cir. 2000), *cert. denied*, 531 U.S. 1036 (2000).

**III.     There are substantial grounds for difference of opinion as to whether Internet sales alone are sufficient to establish specific personal jurisdiction over a non resident defendant.**

This Court itself recognized that there are substantial grounds for difference of opinion as to whether the Internet sales here are sufficient to confer specific personal jurisdiction when the Court noted that, "Whether the Court has personal jurisdiction over the Hemi Group is a more complicated matter" [October decision at 5] and when the Court recognized that, "The type of Internet activity that is sufficient to establish personal jurisdiction remains an emerging area of jurisprudence" [October decision at 8 (citation omitted)]. This Court also cited Illinois cases

specifically rejecting application of the "sliding scale analysis" for purposes of jurisdiction [October decision at 9] and confirmed that, "the Seventh Circuit has not addressed the applicability of the sliding scale analysis" *Id*. Where, as here, an issue is difficult and of first impression, it meets the second requirement for grant of an interlocutory appeal. *Marsall v. City of Portland,* 2004 U.S. Dist. LEXIS 15976 at 20 (D. OR. 2004)(granting motion to amend to certify for interlocutory appeal, noting "an issue can be a controlling question of law for which there is a substantial ground for difference of opinion when it is difficult and of first impression" (internal quotations and citations omitted)).

This result is confirmed in other parts of the Court's October decision. For example, the Court adopted the sliding scale analysis for application in this case, even though it noted that an Illinois court had rejected the sliding scale analysis for specific jurisdiction cases, and even though this Court recognized that the sliding scale approach is, "not a substitute for minimum contacts analysis" [October decision at 10]. Yet the Court went on to hold that "the Internet sales create the minimum contacts" [October decision at 12] and that "the Hemi Group's Internet activities provide for specific jurisdiction" [October decision at 4]. However, because all sales activity in this case takes place outside Illinois [October decision at 3, 10-11], under the minimum contacts analysis required for determining Constitutional propriety of an exercise of jurisdiction, there simply are no contacts with Illinois here, let alone minimum contacts.

Finally the conflicting results reached in the cases cited by the Court at page 10 of its decision confirm that there are substantial grounds for difference of opinion. Compare *Butler v. Beer Across America,* 83 F. Supp. 2d 1261, 1269 (N.D. Ala. 2000)(holding personal jurisdiction did not exist over an out of state defendant engaged in the internet sale of beer, transferring case to Northern District of Illinois) with *Washington Dept. of Rev. v. www.dirtcheapcig.com, Inc.*, 260 F. Supp.2d 1048, 1052 (W.D.Wash. 2003)(internet sales combined with advertising in

4

Washington sufficient to hold defendant "purposefully interjected itself in Washington State").[1] Although these cases confirm that here there are "substantial grounds for difference of opinion" sufficient to meet that requirement in 28 U.S.C. § 1292(b), it remains worth noting that in the Washington case, the court relied on the additional fact that the defendant "advertised in Washington periodicals" to support its decision. *Id.* at 1053. There is no similar additional contact by the Hemi Group in the case before this Court.

### IV. An immediate appeal may materially advance the ultimate termination of this litigation.

Immediate resolution of this court's personal jurisdiction *vel non* over the Hemi Group may materially advance the ultimate termination of this litigation. *Burka v. Aetna Life Ins. Co.,* 87 F.3d 478, 481 (D.C. Cir 1996)("Although the District Court judge expressed 'absolute' certainty as to the correctness of his decision regarding the parties' procedural motions, the court nevertheless granted the Burkas' request to certify the case for interlocutory appeal in order to conserve judicial resources").

The case before this Court is a straightforward Internet sales case. October decision at 4 ("the Hemi Group's Internet activities provide for specific jurisdiction") and at 12 ("the Internet sales create the minimum contacts"). A finding that there is no specific personal jurisdiction will terminate the litigation. *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.,* 69 F. Supp. 2d 1063, 1071 (C.D. Ill. 1999)(certifying decision for interlocutory appeal, noting, "[t]he Court further recognizes that if remand were granted, the federal litigation would be resolved"), *interlocutory appeal permitted, rev'd and remanded by Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.,* 224 F.3d 798 (7th Cir. 2000).

---

[1] As it involved a trademark infringement claim, the third case cited by the Court, *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999) is inapplicable because trademark infringement is treated as an intentional tort for jurisdictional purposes. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 263-64 (3d Cir. 2008).

**V.    The Court should stay its order setting a deadline for the Hemi Group to file its answer.**

In its October Decision, this Court referred this action to the Magistrate for scheduling. Pursuant to that referral, the Magistrate set October 27, 2008 as the deadline by which the Hemi Group must file its answer. If this interlocutory appeal is granted, it will obviate the need for an answer at this juncture. Therefore, the Hemi Group requests that the Court stay the Magistrate's order setting a deadline for filing of an answer until thirty days following resolution of this motion and, if the motion is granted, resolution of the interlocutory appeal. 28 U.S.C. §1292(b); *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.,* 69 F. Supp. 2d 1063, 1071 (C.D. Ill. 1999)(certifying decision for interlocutory appeal, granting stay "until the appeal is resolved"), *interlocutory appeal permitted, rev'd and remanded by Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.,* 224 F.3d 798 (7th Cir. 2000).

## CONCLUSION

This Court's October decision that specific personal jurisdiction exists over the Hemi Group falls squarely within the scope of issues best addressed by an appeal before lengthy and costly litigation takes place as a result of the decision. The Hemi Group respectfully requests that the Court amend its October decision to certify this issue for interlocutory appeal, and stay the Magistrate's order setting a deadline for the Hemi Group to file an answer pending a decision on that appeal.

October 24, 2008

                                        Respectfully submitted,

                                        s/ Randolph "Dolph" Barnhouse
                                        Randolph "Dolph" Barnhouse
                                        LUEBBEN JOHNSON & BARNHOUSE LLP
                                        7424 4th Street N.W.
                                        Los Ranchos de Albuquerque, NM 87107
                                        (505) 842-6123 (telephone)
                                        (505) 842-6124 (facsimile)
                                        dbarnhouse@luebbenlaw.com (email)

Mary Lee Leahy, Bar No. 15199534  
Leahy Law Offices  
308 East Canedy Street  
Springfield, IL  62703-2202  
(217) 522-4411 (telephone)  
(217) 522-7119 (facsimile)  
leahylaw@ameritech.net (email)  
*Attorneys for Defendant*

Certificate of Service

I hereby certify that on October 24, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

MARILYN A. KUEPER  
Katherine M. Johnson  
Assistant Attorneys General  
Office of the Illinois Attorney General  
500 South Second Street  
Springfield, Illinois 62706

*Attorneys for Plaintiff*

s/ Randolph "Dolph" Barnhouse  
Randolph "Dolph" Barnhouse  
LUEBBEN JOHNSON & BARNHOUSE LLP  
Attorneys for Defendant  
7424 4th Street N.W.  
Los Ranchos de Albuquerque, NM 87107  
(505) 842-6123 (telephone)  
(505) 842-6124 (facsimile)  
dbarnhouse@lubbenlaw.com (email)